IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**This Document Relates to:**

*Reeves, et al. v. SmithKline Beecham Corporation*, 13-cv-675-DRH-DGW;

*Sullivan, et al. v. SmithKline Beecham Corporation*, 13-cv-676-DRH-DGW;

*Jamison, et al. v. SmithKline Beecham Corporation*, 13-cv-677-DRH-DGW;

*Font, et al. v. SmithKline Beecham Corporation*, 13-cv-678-DRH-DGW;

*Williams, et al. v. SmithKline Beecham Corporation*, 13-cv-680-DRH-DGW;

*Mekal, et al. v. SmithKline Beecham Corporation*, 13-cv-683-DRH-DGW; and,

*Carroll, et al. v. SmithKline Beecham Corporation*, 13-cv-685-DRH-DGW.

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

### I. Introduction

Before the Court are plaintiffs' motions to remand, defendant's motions to stay consideration of motion to remand pending transfer by judicial panel on multidistrict litigation (JPML) to MDL 1871 (E.D. PA.), and defendant's motions for oral argument on plaintiffs' motions to remand. For the following reasons, the Court **DENIES** the motions to stay, **DENIES** the motions to remand, and also **DENIES** the motions for oral argument. Oral argument is not necessary as the parties' briefing fully informs this Court of the parties' arguments.

## II. Pending Motions

### 1. Stay

The Court shall first address defendant's motions to stay consideration of plaintiffs' requests for remand. While defendant may disagree, the Court feels ruling on plaintiffs' motions to remand is in the interests of judicial efficiency and expediency in this instance. Plaintiffs correctly acknowledge that this Court's "first duty," in this and every action before it, is "to determine the existence of subject-matter jurisdiction." *Johnson v. Wattenbarger,* 361 F.3d 991, 992 (7th Cir. 2004). Defendant cites plaintiffs' pending motions to vacate the JPML's conditional transfer orders of these actions to MDL No. 1871. The pendency of plaintiffs' requests before the JPML does not change the fundamental importance of this Court's threshold jurisdictional inquiry. Based on the undersigned's MDL experience, this Court fully appreciates the considerations surrounding ruling on motions of this type prior to consolidation. In this specific instance, the Court feels the benefits of swiftly ruling on plaintiffs' motions to remand outweigh the concerns which may otherwise justify a stay. On this basis, defendant's motions to stay are denied.

### 2. Remand

At the heart of plaintiffs' motions to remand is their contention that diversity of citizenship does not exist in the above cases because defendant is a citizen of Pennsylvania, similarly to numerous plaintiffs in the above actions. *See* 28 U.S.C. § 1332. Defendant is named in plaintiffs' complaints as SmithKline Beecham Corporation d/b/a/ GlaxoSmithKline ("GSK"). As plaintiffs are aware,

GSK was converted in 2009 into a Delaware corporation and then into GlaxoSmithKline LLC ("GSK LLC"), a Delaware limited liability company. GSK LLC's sole member is GlaxoSmithKline Holdings (Americas), Inc. ("GSK Holdings"), a holding company incorporated in Delaware.

The relevant inquiry requires determination of GSK LLC's citizenship for purposes of the diversity statute. In the Seventh Circuit, and every circuit to have addressed the issue, an LLC's citizenship is determined by that of its individual members. *See IP of A West 86th Street 1, LLC v. Morgan Stanley Mortg. Capital Holdings, LLC*, 686 F.3d 361, 363 (7th Cir. 2012); *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Accordingly, this Court finds plaintiffs' persistent argument that GSK LLC's principal place of business should determine its citizenship definitively unpersuasive.

As GSK LLC's sole member, the citizenship of GSK Holdings determines the outcome of the instant dispute. As a corporation, GSK Holdings' citizenship is determined by both its state of incorporation and the state "where it has its principal place of business." 28 U.S.C. § 1332(c)(1). In 2010, the Supreme Court resolved that the "phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities[;]" "metaphorically called . . . the corporation's 'nerve center.'" *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010).

The Third Circuit, within which MDL No. 1871 is situated, recently held that GSK Holdings' "nerve center" is Delaware. Thus, as it is a holding company

incorporated in Delaware, GSK Holdings is a citizen of Delaware. *See Johnson v. SmithKline Beecham Corp.,* 724 F.3d 337, 352-357 (3d. Cir. 2013). While plaintiffs argue the Third Circuit wrongly decided *Johnson,* this Court finds *Johnson's* reasoning persuasive and thus adopts its findings and holdings. Accordingly, upon review of the parties' arguments and in light of the persuasive reasoning of *Johnson*, which this Court adopts as its own, the Court finds GSK Holdings is a citizen of Delaware. Therefore, GSK LLC is a citizen of Delaware; not Pennsylvania. On this basis, plaintiffs' motions to remand are denied.

### III. Conclusion

On the basis of the above, defendant's motions to stay are **DENIED**, plaintiffs' motions to remand are **DENIED**, and defendant's motions for hearing are **DENIED**.

**IT IS SO ORDERED.**

Signed this 25th day of September, 2013.

Digitally signed by David R. Herndon
Date: 2013.09.25 13:59:16 -05'00'

**Chief Judge**
**United States District Judge**